IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY** *f/k/a Bankers Trust Company of California, N.A as Trustee for Long Beach Mortgage Loan Trust 2001-2.,* | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:19-CV-1715-L** |
| **PAUL CASEY BLANK,** | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment Against Defendant Paul Casey Blank (Doc. 10), filed August 28, 2019. After careful consideration of the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment Against Defendant Paul Casey Blank (Doc. 10).

### I. Procedural and Factual Background

Deutsche Bank National Trust Company, formerly known as Bankers Trust Company of California ("Deutsche Bank" or "Plaintiff"), filed this action on July 17, 2019, against Paul Casey Blank ("Defendant" or "Mr. Blank") seeking to foreclose on a lien. The court determines that it has jurisdiction to hear this action because Deutsche Bank and Mr. Blank are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

This proceeding concerns a certain Loan Agreement secured by the real property and improvements commonly known as 7652 Culcourt Street, Dallas, Texas 75209 (the "Property"), which is more particularly and legally described as follows:

> LOT 11A, BLOCK 8/4993, OF SUBDIVISION OF LOTS 10 AND 11, BLOCK 8/4993 GREEN TERRACE, NUMBER 2, SECTION 2 ADDITION, AN

**Memorandum Opinion and Order – Page 1**

ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME PAGE 187, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

On or about April 25, 2001, Mr. Blank as Borrower executed a Texas Home Equity Fixed/Adjustable Rate Note ("Note") in the principal amount of $137,900 in favor of Long Beach Mortgage Company ("Long Beach") with an interest rate at 12.5%. Concurrently with the execution of the Note, the Borrower executed a Texas Home Equity Security Instrument ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Long Beach a security interest in the Property. The Security Instrument was recorded in the official public records of Dallas County, Texas, on May 22, 2001, as Document No. 2661138.

Deutsche Bank is the current holder of the Note, endorsed in blank, and beneficiary of the Security Instrument. It is also a mortgagee of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

Pursuant to an Assignment of Lien, JPMorgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA, from the Federal Deposit Insurance Corporation, acting as receiver for the Savings Bank and pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d), as successor in interest to Long Beach, assigned and transferred its interest in the Loan Agreement to Deutsche Bank. The Assignment of Lien was recorded in the real property records of Dallas County, Texas, as Instrument Number 201000245143 on September 23, 2010.

Borrower has failed to make the payments under the terms of the Loan Agreement. The Loan Agreement is currently due for the September 1, 2010, payment and all subsequent monthly payments. Notice of default and request to cure was mailed to the Borrower at his last known mailing address in accordance with the Loan Agreement and the Texas Property Code on November 29, 2018. The default was not cured, and the maturity of the debt was accelerated.

Notice of acceleration of loan maturity was mailed to Borrower at his last known mailing address in accordance with the Loan Agreement and the Texas Property Code on January 10, 2019.

Deutsche Bank seeks a declaration from the court that it is the owner and holder of the Note and beneficiary of the Security Instrument. It requests a further declaration from this court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Section 51.0001(4) of the Texas Property Code, and that Plaintiff is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

Plaintiff has been required to hire the undersigned attorneys to seek a declaratory judgment as a result of the Borrower's failure to comply with the Loan Agreement. Plaintiff, therefore, seeks judgment against Borrower for its reasonable attorney's fees incurred in this action, and, in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrower, and by applicable statute.

As the current mortgagee of record that has the right to enforce the Note and Security Instrument, Deutsche Bank has asserted a cause of action for judicial foreclosure against Mr. Blank. The Loan Agreement is a contract, and Plaintiff has fully performed its obligations under it. Borrower, however, did not comply with the Loan Agreement, as he failed to substantially perform material obligations required under its terms, namely, the payment of amounts due under the contract, among others. As a result of Mr. Blank's failure to perform his obligations, Deutsche Bank was forced to file this action and seek relief for his failure to perform those obligations.

Mr. Blank was served with a copy of the summons and Plaintiff's Original Complaint ("Complaint") on July 26, 2019. He was required to answer or otherwise respond to the Complaint by August 16, 2019, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Defendant has not answered or otherwise responded to the Complaint.

**Memorandum Opinion and Order – Page 3**

On August 28, 2019, the Deutsche Bank requested the clerk of court to enter a default against Mr. Blank, and the clerk made an entry of default against Mr. Blank on August 29, 2019. Plaintiff now requests the court to enter a default judgment against Mr. Blank and allow it to foreclose on the Property.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Mr. Blank. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

The allegations in Plaintiff's Complaint are specific and well-pleaded. Mr. Blank, by failing to answer or otherwise respond to the Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

The court determines that all conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the Loan Agreement, contract, or lien sought to be foreclosed has been performed.

Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Mr. Blank is in default and that Deutsche Bank is entitled to a default judgment. Plaintiff seeks a declaration of its rights, an order from the court allowing it to foreclose on the Property, and reasonable attorney's fees for prosecuting this action and for those in the event an appealed is filed.

In light of the record in this case, the court **determines** and **declares** that Deutsche Bank is the owner of the Note and beneficiary of the Security Instrument; that Deutsche Bank, as holder of the Note and beneficiary of the Security Instrument, is a mortgage as this term is defined under Section 51.0001(4) of the Texas Property Code. The court further **determines** and **declares** that Deutsche Bank is authorized to enforce the power of sale as set forth in the Security Instrument through foreclosure of the Property. Finally, the court **determines** that Deutsche Bank is entitled to its reasonable atty's fees as provided by the Security Instrument signed by Mr. Blank and under Section 37.009 of the Texas Civil Practice and Remedies Code. The court, however, will award attorney's fees through the prosecution of this action. In the event that his action is appealed, the court will consider the issue of attorney's fees only if Plaintiff seeks attorney's fees on appeal and prevails, and the Fifth Circuit directs this court to take up the issue of attorney's fees incurred on appeal.

### III. Conclusion

For the reasons herein stated, the court **grants** Plaintiff Deutsche Bank National Trust Company's Motion for Default Judgment Against Defendant Paul Casey Blank (Doc. 10) and will issue judgment by separate document, as required by Federal Rule of Civil Procedure 58, in favor of Plaintiff in accordance with this Memorandum Opinion and Order. Any request for attorney's fees must be filed postjudgment in accordance with Federal Rule of Civil Procedure 54(d)(2).

**It is so ordered** this 27th day of February, 2020.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge